UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSAN SHELDON LEE, | Case No. 14-cv-00602 NC |
| Plaintiff, | **ORDER SETTING ASIDE DEFAULT AND DENYING MOTIONS FOR DEFAULT JUDGMENT AS TO BANK OF AMERICA AND THORNBURG** |
| v. | |
| THORNBURG MORTGAGE HOME LOANS INC., and others, | Re: Dkt. Nos. 24, 27, 28, 29, 35 |
| Defendants. | |

Pending before the Court are motions for default judgment by pro se plaintiff Susan Lee against three of the defendants in this matter, Thornburg Mortgage Home Loans Inc., TMST Home Loans, Inc. formerly known as Thornburg Mortgage Home Loans Inc. (collectively, "Thornburg"), and Bank of America, N.A., as well as those defendants' motions to set aside default. For the reasons set forth below, the Court finds that there is good cause to set aside default, and, therefore, DENIES WITHOUT PREJUDICE the motions for default judgment.

## I. BACKGROUND

On February 7, 2014, Lee filed her complaint in this case. The complaint names as defendants Thornburg Mortgage Home Loans Inc. "in its capacity as originating lender and purported mortgage servicer," TMST Home Loans, Inc. formerly known as Thornburg

Case No. 14-cv-00602 NC
ORDER SETTING ASIDE DEFAULT;
DENYING DEFAULT JUDGMENT

Mortgage Home Loans Inc. "as purported servicer," Select Portfolio Servicing Inc. ("SPS") "as purported servicer," Mortgage Electronic Registration Systems Inc. ("MERS") as "purported Nominee for Thornburg," Quality Loan Services Corporation ("Quality") "as purported Trustee under the Deed of Trust," U.S. Bank National Association "(successor to Bank of America, N.A., successor by merger to LaSalle Bank N.A.), as Trustee, on behalf of the holders of the Thornburg Mortgage Securities Trust 2007-4 Mortgage Loan Pass-Through Certificates, Series 2007-4; (in its capacity as purported assignee of Plaintiff's Deed of Trust)," and Bank of America, N.A. "successor by merger to LaSalle Bank N.A., as former Trustee, on behalf of the holders of the Thornburg Mortgage Securities Trust 2007-4 Mortgage Loan Pass-Through Certificates, Series 2007-4." Dkt. No. 1 at 7.

Lee alleges that, on June 28, 2007, she executed a deed of trust on her property at 20 Kingsland Place, Oakland, California, as security for a loan. Dkt. No. 1 ¶¶ 5, 18. Lee further alleges that she "timely paid her mortgage payments when she began experiencing an unforeseen financial hardship." *Id.* ¶ 19. Lee alleges that "there was an attempt to securitize the Mortgage by assigning and transferring the Mortgage" to the Thornburg trust "but the mortgage loan was never actually assigned and transferred." *Id.* ¶ 22. Lee claims that this "fatal defect renders Defendants third-party strangers to the underlying debt obligation without the power or right to demand payment, declare default, negotiate her Loan, and foreclose on her Property." *Id.* ¶¶ 30, 39, 85. Lee further alleges that the "failure of Defendants to assign her mortgage to LaSalle Bank as trustee of the Thornburg Trust, before the closing date of the trust or at any time, would not entitle [Bank of America] and/or U.S. bank to be the successor trustee due to the fact at no time any proper assignment was ever made to LaSalle Bank." *Id.* ¶ 37. Lee alleges that defendants' "fabricated Assignment of Deed of Trust," that "purports to assign from MERS (as nominee for Thornburg Mortgage Home Loans Inc.), to U.S Bank for value received, all beneficial interest under said Deed of Trust," is void. *Id.* ¶ 41.

Lee's complaint asserts nine causes of action, against all defendants unless otherwise noted, for: (1) Declaratory Relief; (2) Quasi Contract; (3) Negligence; (4) violations of the

Case No. 14-cv-00602 NC
ORDER SETTING ASIDE DEFAULT;
DENYING DEFAULT JUDGMENT

2

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; (5) violations of the California Business and Professions Code § 17200; (6) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g) (against U.S. Bank and Doe defendants); (7) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962; (8) Fraud; and (9) Accounting. Dkt. No. 1. The relief sought by Lee includes no less than $5,000,000 in damages, and "an order finding that Defendants have no legally cognizable rights as to Plaintiff, the Property, Plaintiff's Promissory Note, Plaintiff's Deed of Trust or any other matter based on contract or any of the documents prepared by Defendants, tendered to and executed by Plaintiff." *Id.* at 48.

On March 5, 2014, Quality moved to dismiss the complaint. Dkt. No. 8. After obtaining a brief extension of their time to respond to the complaint from the Court, defendants SPS, MERS, and U.S. Bank, identified as the successor to Bank of America, filed a motion to dismiss the complaint on March 13, 2014. Dkt. No. 14.

On March 18, 2014, Lee filed requests for entry of default against Thornburg and Bank of America. Dkt. Nos. 16, 17, 18. On March 19, 2014, the Clerk of the Court entered default against those defendants. Dkt. No. 19. On March 20, 2014, counsel for Bank of America as Trustee filed a notice of appearance, stating that Bank of America "intends to vigorously defend this action and will immediately seek to vacate and set aside any notice of entry of default entered against it." Dkt. No. 20. On March 21, 2014, Bank of America filed its motion to set aside default. Dkt. No. 24. On the same day, Lee filed motions for default judgment as to Bank of America and Thornburg. Dkt. Nos. 27, 28, 29. On March 24, 2014, counsel for Thornburg filed a notice of appearance, stating Thornburg's intent to defend the action and to seek to vacate and set aside entry of default. Dkt. No. 31. On April 2, 2014, Thornburg moved to set aside default. Dkt. No. 35. On April 3, 2014, Bank of America and Thornburg filed oppositions to Lee's motions for default judgment. Dkt. Nos. 36, 37.

The Court scheduled the motions for default judgment and the motions to set aside default to be heard on the same day, prior to hearing the pending motions to dismiss the

complaint. Dkt. No. 38. The Court subsequently took the motions for default judgment and the motions to set aside default under submission, finding them suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b).

The Court has federal question jurisdiction over the FDCPA, TILA, and RICO claims under 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 4, 11, 13, 23, 32.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(c), a district court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To determine whether a party has demonstrated "good cause," a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party. *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

The district court has discretion to determine whether a party has demonstrated "good cause" to set aside an entry of default. *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." *Id.* at 945-46 (quoting *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974)); *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("[T]he general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible.").

//

Case No. 14-cv-00602 NC
ORDER SETTING ASIDE DEFAULT;
DENYING DEFAULT JUDGMENT

4

## III. DISCUSSION

A consideration of the three factors in this case supports setting aside the default entered against Bank of America and Thornburg. First, "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Mesle*, 615 F.3d at 1092 (quoting *TCI Group*, 244 F.3d at 697).

Bank of America argues that there is a reasonable explanation for its failure to file a responsive pleading in that Lee sued both U.S. Bank as Trustee and Bank of America as former Trustee only in their representative capacities for the Trust, and that "counsel reasonably deemed the present Trustee's motion to dismiss as a response sufficiently protective of the Trust and any Trustee's interests." Dkt. Nos. 24 at 9; 24-1 ¶¶ 2, 9. In its motion to set aside default, Thornburg, the originator and original servicer of Lee's loan, asserts that it has been subject to a Chapter 11 Bankruptcy proceeding since 2009, and that SPS acquired the servicing rights on Lee's loan from Thornburg in 2010, following a motion and order initiated by the Thornburg Bankruptcy Trustee. Dkt. Nos. 35 at 8; 35-1 ¶¶ 2, 5; 35-1 at 8-19, 21-22. Furthermore, Thornburg argues that SPS, as current servicer, and the present Trustee for the Trust, U.S. Bank, have already defended the action by filing a motion to dismiss. *See* Dkt. No. 14. Thornburg's motion to set aside default further explains that, in investigating the file in this case, counsel for SPS discovered evidence of specific agreements between SPS and Thornburg, under which SPS may assume the defense of Thornburg in this matter, and met with the Thornburg Bankruptcy Trustee to confirm this understanding. Dkt. Nos. 35 at 8; 35-1 ¶¶ 2-3, 8-10.

Case No. 14-cv-00602 NC
ORDER SETTING ASIDE DEFAULT;
DENYING DEFAULT JUDGMENT                    5

While Bank of America and Thornburg have not provided any authority for the proposition that they do not need to respond to the complaint in this case, the Court finds that they have adequately demonstrated that their failure to respond was not in bad faith. Moreover, the record shows that Bank of America and Thornburg acted promptly in moving to set aside default. Accordingly, the Court finds that they have not engaged in culpable conduct that led to the default.

Second, "[a] defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Mesle*, 615 F.3d at 1094. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Id.* The motions to set aside default by Bank of America and Thornburg attach proposed motions to dismiss the complaint on multiple grounds, similar to those already asserted in the other defendants' pending motions to dismiss. Those grounds include that the complaint is barred by res judicata following the dismissal of prior litigation by Lee, and that the complaint fails to state any claim on which relief may be granted because Lee lacks standing to assert her claim that the assignment of her mortgage loan to the Trust was invalid, and because she failed to allege "tender," among other reasons. *See* Dkt. Nos. 24-1 at 9-46; 35-1 at 24-52. The Court has reviewed the proposed motions to dismiss and finds that Bank of America and Thornburg have presented legally cognizable defenses to the complaint.

Finally, the Court examines whether there is any prejudice to plaintiff that results from setting aside the default. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" *TCI Group*, 244 F.3d at 701 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). Here, Lee has not filed an opposition to the motions to set aside default. Based on the record before it, the Court finds that there is no evidence of any prejudice to Lee.

//

Case No. 14-cv-00602 NC
ORDER SETTING ASIDE DEFAULT;
DENYING DEFAULT JUDGMENT                6

## IV. CONCLUSION

Because the three factors in the good cause analysis favor setting aside the entry of default pursuant to Rule 55(c), the motions to set aside the default against Bank of America and Thornburg are GRANTED.

The Clerk of the Court is directed to set aside the default of Thornburg Mortgage Home Loans Inc., TMST Home Loans, Inc. formerly known as Thornburg Mortgage Home Loans Inc., and Bank of America, N.A.

Because defendants are no longer in default, Lee's motions for default judgment are DENIED WITHOUT PREJUDICE.

The proposed motions to dismiss by Bank of America and Thornburg attached to the motions to set aside, Dkt. Nos. 24-1 at 9-46; 35-1 at 24-52, are deemed filed as of the date of this order. Lee has until May 14, 2014, to file any response to these motions to dismiss. Any replies are due by May 21, 2014. The Court will hold a hearing on these motions on May 28, 2014, at 1:00 p.m. in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California. The hearing on the motions to dismiss filed by Quality, Dkt. No. 8, and by MERS, SPS, and U.S. Bank, Dkt. No. 14, is continued from May 14 to May 28 at 1:00 p.m.

By May 7, 2014, Thornburg must file a further brief addressing the issue of whether a stay of this case as to that defendant is required or appropriate due to the pending bankruptcy. Any other party may file a response to Thornburg's brief within 7 days of its filing. The Court will address this issue at the hearing on the motions to dismiss.

IT IS SO ORDERED.

Date: April 29, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge