UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSAN SHELDON LEE,<br><br>    Plaintiff,<br><br>    v.<br><br>THORNBURG MORTGAGE HOME LOANS INC., and others,<br><br>    Defendants. | Case No. 14-cv-00602 NC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 8, 14, 45, 46 |

Defendants in this mortgage foreclosure case move to dismiss pro se plaintiff Susan Lee's complaint for the reason, among others, that the complaint is barred by res judicata following the dismissal of prior cases by Lee on the same claims asserted in this matter. Finding a sufficient identity of claims and identity or privity between the parties in the prior federal actions and this case, the Court concludes that, even though Lee's earlier dismissals were without prejudice, the two-dismissal rule bars her present claims. Accordingly, the Court GRANTS defendants' motions to dismiss on this basis under Rule 12(b)(6).

**I. BACKGROUND**

Lee brings this action against Thornburg Mortgage Home Loans Inc. ("Thornburg") "in its capacity as originating lender and purported mortgage servicer," TMST Home Loans, Inc. formerly known as Thornburg Mortgage Home Loans Inc. ("TMST") "as purported servicer," Select Portfolio Servicing Inc. ("SPS") "as purported servicer,"

Mortgage Electronic Registration Systems Inc. ("MERS") as "purported Nominee for Thornburg," Quality Loan Services Corporation ("Quality") "as purported Trustee under the Deed of Trust," U.S. Bank National Association "(successor to Bank of America, N.A., successor by merger to LaSalle Bank N.A.), as Trustee, on behalf of the holders of the Thornburg Mortgage Securities Trust 2007-4 Mortgage Loan Pass-Through Certificates, Series 2007-4; (in its capacity as purported assignee of Plaintiff's Deed of Trust)," and Bank of America, N.A. "successor by merger to LaSalle Bank N.A., as former Trustee, on behalf of the holders of the Thornburg Mortgage Securities Trust 2007-4 Mortgage Loan Pass-Through Certificates, Series 2007-4." Dkt. No. 1 at 7.

Lee alleges that, on June 28, 2007, she executed a deed of trust on her property at 20 Kingsland Place, Oakland, California ("the property"), as security for a loan. Dkt. No. 1 ¶¶ 5, 18. Lee further alleges that she "timely paid her mortgage payments when she began experiencing an unforeseen financial hardship." *Id.* ¶ 19. Lee alleges that "there was an attempt to securitize the Mortgage by assigning and transferring the Mortgage" to the Thornburg trust "but the mortgage loan was never actually assigned and transferred." *Id.* ¶ 22. Lee claims that this "fatal defect renders Defendants third-party strangers to the underlying debt obligation without the power or right to demand payment, declare default, negotiate her Loan, and foreclose on her Property." *Id.* ¶¶ 30, 39, 85. Lee further alleges that the "failure of Defendants to assign her mortgage to LaSalle Bank as trustee of the Thornburg Trust, before the closing date of the trust or at any time, would not entitle [Bank of America] and/or U.S. bank to be the successor trustee due to the fact at no time any proper assignment was ever made to LaSalle Bank." *Id.* ¶ 37. Lee alleges that defendants' "fabricated Assignment of Deed of Trust," that "purports to assign from MERS (as nominee for Thornburg Mortgage Home Loans Inc.), to U.S Bank for value received, all beneficial interest under said Deed of Trust," is void. *Id.* ¶ 41.

On August 8, 2012, Lee filed an action in this Court, Case No. 12-cv-04174 JCS, asserting claims for injunctive relief, declaratory relief, and to quiet title to the property against Bank of America as trustee for the Thornburg trust, and Quality. Dkt. No. 14-1 at

45-51. Lee alleged that the deed of trust was transferred to Bank of America, and that MERS acted as a "Nominee Beneficiary" to hide the identity of the beneficiaries of the loan. *Id.* ¶¶ 15-16. Lee further alleged that the deed of trust was "never perfected" and became "a nullity." *Id.* ¶ 15. Among other relief, Lee sought to restrain the defendants from proceeding with foreclosure, invalidate the debt she owes, declare the deed of trust void, and require the defendants to execute a full reconveyance of the property to her. *Id.* at 51, ¶ 15. On August 17, 2012, Lee voluntarily dismissed the action without prejudice. *Id.* at 72-73.

On October 2, 2012, Lee filed a complaint for damages, injunctive, and declaratory relief as to the property in the Bankruptcy Court for this District, Case No. 12-46666, against Bank of America as successor to LaSalle Bank and as trustee of the Thornburg trust, MERS, and Quality. Dkt. No. 14-1 at 75-96. The complaint asserted claims for quiet title, declaratory relief, injunctive relief, negligence per se, accounting, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, wrongful foreclosure, unjust enrichment, fraudulent misrepresentation, violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s–2(b), violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and violation of Home Ownership Equity Protection Act, 15 U.S.C. § 1639. *Id.* Lee alleged that her loan was "sold and bundled into a group of NOTES and subsequently sold to investors as a derivative 'Mortgage Backed Security' entitled the Thornburg Mortgage Securities Trust 2007-4 Mortgage Loan Pass-Through Certificates, Series 2007-4, . . . , and therefore none of the Defendants owns this loan, or NOTE." *Id.* ¶ 17. Among other relief, Lee again sought "to quiet title against the claims of BofA, MERS, QUALITY LOAN and all others, including the THORNBURG TRUST, who claim any legal or equitable right, title, estate, lien, or interest in the Subject Property adverse to the Plaintiff's title, and/or whose claim(s) in any way cloud the Plaintiff's title." *Id.* ¶ 64. Lee also claimed that the Court should "enjoin any further collection activity, including foreclosure." *Id.* ¶ 76. On

December 10, 2012, the Bankruptcy Court dismissed the adversary proceeding without prejudice pursuant to Lee's request for voluntary dismissal. *Id.* at 98-99.

On December 17, 2012, Lee filed a complaint in state court against U.S. Bank, Bank of America, MERS, Quality, and SPS again challenging the foreclosure proceedings. Dkt. No. 14-1 at 101-125. Lee dismissed the state court complaint without prejudice on December 4, 2013. *Id.* at 128.

On February 7, 2014, Lee filed her complaint in this case. Lee's complaint asserts claims for declaratory relief, quasi contract, negligence, violations of the FDCPA, violations of the California Business and Professions Code § 17200, violations of the TILA, 15 U.S.C. § 1641(g), violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, fraud, and accounting. Dkt. No. 1. The relief sought by Lee includes no less than $5,000,000 in damages, and "an order finding that Defendants have no legally cognizable rights as to Plaintiff, the Property, Plaintiff's Promissory Note, Plaintiff's Deed of Trust or any other matter based on contract or any of the documents prepared by Defendants, tendered to and executed by Plaintiff." *Id.* at 48.

Defendants Quality, SPS, MERS, and U.S. Bank moved to dismiss the complaint. Dkt. Nos. 8, 14. At Lee's request, the Clerk of the Court entered default against Thornburg and Bank of America. Dkt. No. 19. Those defendants then filed motions to set aside the default which the Court granted, allowing the filing of their proposed motions to dismiss the complaint. Dkt. Nos. 44, 45, 46. Lee opposed the motions to dismiss. Additionally, Lee filed an objection contending that the Court should disregard Quality's two-dismissal/res judicata argument because it was raised for the first time on reply. Dkt. No. 42. The Court permitted Lee to file a supplemental brief on this issue, which she did. Dkt. Nos. 55, 59.

The Court has federal question jurisdiction over the FDCPA, TILA, and RICO claims under 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 4, 11, 13, 23, 32.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Coal. For ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

"[I]n dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)). The rule favoring liberality in amendments to pleadings is particularly important for a pro se litigant.[1] *Id.* at 1131.

## III. DISCUSSION

**A.  Requests for Judicial Notice**

As a preliminary matter, the Court addresses the parties' requests for judicial notice of documents submitted in connection with the motions to dismiss. MERS, SPS, and U.S. Bank filed a request for judicial notice, Dkt. No. 14-1, which is also relied upon by Bank of

---

[1] On May 28, 2014, attorney Michael Yesk filed a "notice of limited scope representation," indicating that he will provide limited scope representation to Lee at the hearing on the motions to dismiss and will "draft and present" the brief the Court permitted Lee to file in response to Quality's two-dismissal argument raised on reply. *See* Dkt. No. 56. The Court will nevertheless treat Lee as a pro se litigant for purposes of resolving the pending motions to dismiss.

America, Thornburg, and TMST. Quality filed a separate request for judicial notice, Dkt. No. 9. Lee attached three exhibits to her opposition, which the Court construes as a request for judicial notice. *See* Dkt. No. 40 at 49-55.

Lee filed an objection to Quality's request for judicial notice, stating that she did not object to the documents "being recorded" but does object to "the content and validity" of such documents. Dkt. No. 25. Lee also made a similar objection to some of the documents included in the request for judicial notice filed by MERS, SPS, and U.S. Bank, and objected based on relevance to documents filed in her prior cases. Dkt. No. 40 at 56-59.

Generally, a court may not look to matters beyond the complaint without converting a motion to dismiss into one for summary judgment. *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983 (N.D. Cal. 2010) (citations omitted). However, a court may take judicial notice of material that is submitted as part of the complaint, or is necessarily relied upon by the complaint, as well as matters of public record. *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). Under Federal Rule of Evidence 201(b), "a judicially noticed fact must be one not subject to reasonable dispute that is either (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned." *Datel Holdings*, 712 F. Supp. 2d at 983. A court may "take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted).

The Court takes judicial notice of the existence of Exhibits 5 through 10 to the request for judicial notice by MERS, SPS, and U.S. Bank as they are court records. *See, e.g.*, *Hunt v. Check Recovery Sys. Inc.*, 478 F. Supp. 2d 1157, 1160-61 (N.D. Cal. 2007) ("Judicial notice may be taken of 'adjudicative facts' such as court records, pleadings."). The Court further takes judicial notice of the existence of Exhibits 1 through 4 to the request for judicial notice by MERS, SPS, and U.S. Bank, and of Exhibits A through D of Quality's request for judicial notice, as they are public records. *See e.g.*, *W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of

documents in a county public record, including state court file and deeds of trust); *Valasquez v. Mortgage Elec. Registration Sys., Inc.*, No. 08-3818 PJH, 2008 WL 4938162, at *2-3 (N.D. Cal. Nov. 17, 2008) (taking judicial notice of deed of trust and notice of default). The requests for judicial notice are granted as to the existence of the documents but not as to the truth of their contents. *See* Fed. R. Evid. 201(b); *Lee*, 250 F.3d at 690.

The Court denies Lee's request for judicial notice of a document titled "demand letter – notice of default" and two documents she identifies as excerpts from a deed of trust on the basis that Lee has not demonstrated that these documents are public records or that the facts for which she seeks judicial notice are "not subject to reasonable dispute." Fed. R. Evid. 201(b).

**B.   The Two-Dismissal Rule/Res Judicata**

Defendants contend that the Court should dismiss this case on the ground that the complaint is barred by the two-dismissal rule. *See* Dkt. Nos. 14 at 17-19; 39 at 4-5; 45 at 17-19; 46 at 17-19. Federal Rule of Civil Procedure 41 provides that if a plaintiff dismisses an action in federal court, the dismissal is without prejudice, unless the notice or stipulation states otherwise. Fed. R. Civ. P. 41(a)(1)(B). "But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." *Id.* This provision is referred to as the "two-dismissal rule." *Thomas v. Wells Fargo Bank, N.A.*, No. 13-02065 JSW, 2013 WL 5313458, at *2 (N.D. Cal. Sept. 23, 2013). In the Ninth Circuit, the two-dismissal rule analysis is analogous to the res judicata inquiry. *Id.* (citing *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1080 (9th Cir. 1999)).

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). Res judicata applies when there is: "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* With respect to the second prong, so long as the other

elements of res judicata are satisfied, the second dismissal without prejudice will bar a subsequent suit under the two-dismissal rule. *See Thomas*, 2013 WL 5313458, at *3; *San Juan v. Wells Fargo Bank*, No. 12-cv-02529 CRB, 2013 WL 1501458, at *1-2 (N.D. Cal. Apr. 11, 2013).

As to the first prong, "[t]he fact that res judicata depends on an 'identity of claims' does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077-78 (9th Cir. 2003). To determine whether the two suits involve the same claim or cause of action, courts look at four criteria: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

Further, even when the parties are not identical, privity may exist if "there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." *Tahoe-Sierra*, 322 F.3d at 1081 (quoting *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983)). "Privity between parties exists when a party is 'so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n.3 (9th Cir. 2002) (quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997)). *See also In re Lindsay*, 59 F.3d 942, 952 (9th Cir. 1995) (holding that "[r]es judicata bars the claims of the successors in interest.").

**C.   Plaintiff's Claims Are Barred**

The Court finds that the elements of res judicata are met here. First, this action involves the same claims litigated in Lee's two prior federal actions. All three federal cases challenged the validity of the deed of trust and the enforceability of the debt, and sought to

restrain the defendants' actions against the property. All of the claims brought by Lee were premised on the allegations that the attempted transfer of her mortgage to the Thornburg trust was ineffective and that the deed of trust was not properly assigned. Therefore, despite the fact that the present case utilizes some additional legal theories, the claims brought in the federal cases arise out of the same transactional nucleus of operative facts and involve substantially the same evidence. The three federal cases also involve alleged infringement of the same rights, namely, Lee's alleged right to have the deed of trust declared void, stop the foreclosure proceedings, and have the property reconveyed to her. Because the rights and interests in the property and Lee's mortgage were presented and deemed established in the second federal action, they would be destroyed or impaired by prosecution of this action. *See Barnes v. Homeward Residential, Inc.*, No. 13-cv-3227 SC, 2013 WL 5217393, at *3 (N.D. Cal. Sept. 17, 2013) (finding federal action arising out of the same nucleus of facts as state court action, where both actions challenged the pending foreclosure sale of the property and asserted that the foreclosing entities breached the terms of the deed of trust).

While Lee does not dispute that her federal actions share a common nucleus of operative facts, she makes the conclusory assertion that "Defendants concealed material facts which Plaintiff even after due diligence could not have known until Defendants publicly recorded these documents after the fact." Dkt. No. 59 at 2. Lee, however, has failed to allege any factual basis supporting this assertion. Her reference to the fact that the assignment of the deed of trust to U.S. Bank occurred after her voluntary dismissal of the second federal action is immaterial because her claims against U.S. Bank, sued in its capacity as a successor to Bank of America, are premised on the same theory as against Bank of America. *See* Dkt. No. 1 ¶¶ 6, 40, 37 (alleging that the "failure of Defendants to assign her mortgage to LaSalle Bank as trustee of the Thornburg Trust, before the closing date of the trust or at any time, would not entitle [Bank of America] *and/or U.S. bank* to be the successor trustee due to the fact at no time any proper assignment was ever made to LaSalle Bank." (emphasis added)). The Court finds that the "same claims" requirement of res judicata is satisfied.

Furthermore, the same is true with respect to the "parties and their privies" requirement. Bank of America, which is sued as trustee for the Thornburg trust, and Quality, sued in its capacity of a trustee under the deed of trust, were named as defendants in both of the prior federal actions. Additionally, in the present action, U.S. Bank is sued only in its representative capacity, as the "successor trustee" to the Thornburg trust, and thus is sufficiently identified in interest with Bank of America for purposes of res judicata. Dkt. No. 1 at 7:8-15, ¶¶ 6-7. The present action also names as defendants Thornburg as the original lender, MERS (which was a defendant in the second federal action) as a nominee of Thornburg, and TMST and SPS as servicers of the loan. *Id.* at 7:1-8. All of the defendants were sued in connection with Lee's challenge to the validity of the deed of trust and the enforceability of the debt, based on substantially the same theory. The Court finds that there is sufficient commonality of interest to establish privity between the defendants in the prior federal actions and this case. *See Barnes*, 2013 WL 5217393, at *3 (finding sufficient commonality of interests for purposes of res judicata between mortgage servicer, on the one hand, and former and current holders of the beneficial interest of the deed of trust and substitute trustee on the deed of trust, on the other, where plaintiff was suing defendants in connection with their foreclosure activities).

In opposition, Lee contends that there is no privity as to the defendants who were not parties to the prior federal actions. Lee bases this argument on the allegations that those defendants were never "assigned beneficial interest" in the note and deed of trust because there was no effective transfer/assignment to the Thornburg trust and because Bank of America, and its predecessor LaSalle Bank, were never assigned such beneficial interest. Dkt. No. 40 at 9-12, 14-15, 17. Merits aside, these allegations also underlie Lee's claims that the defendants did not have the legal right to proceed to enforce the debt and foreclose on the property, demonstrating a commonality of interests between the defendants for purposes of res judicata. *See Apostol v. CitiMortgage, Inc.*, No. 13-cv-01983 WHO, 2013 WL 6328256, at *5 (N.D. Cal. Nov. 21, 2013) (finding that foreclosing trustee was aligned in interest with beneficiary under the deed of trust where plaintiff alleged that the trustee

pursued foreclosure outside of its power because the beneficiary did not have authority to substitute in the trustee or direct it to proceed with the foreclosure as a result of the alleged failure to properly assign and transfer the loan and deed of trust in a securitization transaction).

Finally, the Court finds no merit in Lee's argument that the motion to dismiss by Thornburg and TMST should be denied because it exceeds the scope of representation by their counsel. *See* Dkt. No. 50 at 13.

## IV. CONCLUSION

Finding a sufficient identity of claims and identity or privity between the parties in the prior federal actions and this case, the Court concludes that, even though Lee's earlier dismissals were without prejudice, the two-dismissal rule bars her present claims. Accordingly, defendants' motions to dismiss on this basis are granted under Federal Rule of Civil Procedure 12(b)(6). *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (holding that a Rule 12(b)(6) motion is the appropriate vehicle to raise the affirmative defense of res judicata where there are no disputed issues of fact).

Because the operation of the two-dismissal rule could not be avoided by the allegation of other facts, the dismissal is with prejudice. In light of its finding that the two-dismissal rule bars the claims presented in this case, the Court need not address the numerous other grounds for dismissal asserted by the defendants.

The Court dismisses this case with prejudice.

IT IS SO ORDERED.

Date: September 29, 2014

Nathanael M. Cousins
United States Magistrate Judge